**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION**

**REMY T. WRIGHT, SR.**                                      **PLAINTIFF**
**Reg. #75489-509**

**V.**                      **NO. 2:26-cv-00052-BSM-ERE**

**B. CLINKSCALE**                                            **DEFENDANT**

**RECOMMENDED DISPOSITION**

**I.      Procedure for Filing Objections**

This Recommended Disposition (RD) has been sent to United States District

Judge Brian S. Miller. You may file written objections to all or part of this RD.

Objections must: (1) specifically explain the factual and/or legal basis for the

objection; and (2) be received by the Clerk of this Court within fourteen (14) days

of the date of this RD. If you do not object, you risk waiving the right to appeal

questions of fact.

**II.     Background**

*Pro se* plaintiff Remy T. Wright, a federal inmate at the Federal Correction

Institution in Forrest City ("FCI-FC"), filed this civil rights lawsuit. *Doc. 1*. Because

Mr. Wright is a federal inmate, he brings this action pursuant to *Bivens v. Six*

*Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

Mr. Wright's complaint alleges that, on July 5, 2025, Defendant Correctional

Officer B. Clinkscale: (1) violated his Eighth Amendment rights by conducting a pat

down search of Mr. Wright in a "sexually abusive" manner without sufficient penological purpose; (2) retaliated against him by issuing him a false disciplinary charge in an attempt to cover up the alleged abuse; and (3) violated his due process rights by filing the false disciplinary charge. *Doc. 1*. Mr. Wright seeks monetary damages but does not state in what capacity he sues Defendant Clinkscale.

I recommend the Court dismiss Mr. Wright's Complaint for failure to state a plausible constitutional claim for relief under *Bivens*.

## III.   <u>Discussion</u>

### A.   Screening

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints and to dismiss any claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(a) & (b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011). Factual allegations must "raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Mere "labels and conclusions" are insufficient, as is a "formulaic recitation of the elements of a cause

of action." *Id.* at 555. Legal conclusions couched as factual allegations may be disregarded. See *Iqbal*, 556 U.S. at 679.

## B.   *Bivens* Framework

### 1.   Official Capacity Claim

A claim against an official of the United States is equivalent to a claim against the United States, and sovereign immunity bars *Bivens* claims against the United States. *Buford v. Runyon*, 160 F.3d 1199, 1203 (8th Cir. 1998) ("[A] *Bivens* action cannot be prosecuted against the United States and its agencies because of sovereign immunity."). A "prisoner may not bring a *Bivens* claim against the . . . BOP." *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 72 (2001). Accordingly, any official capacity claim against Defendant Clinkscale fails to state a plausible claim on which relief may be granted and should be dismissed.

### 2.   Individual Capacity Claim

The Supreme Court has recognized an implied cause of action under *Bivens* on only three occasions: (1) the *Bivens* case itself, which involved an allegedly unlawful arrest and warrantless search in violation of the Fourth Amendment; (2) *Carlson v. Green*, 446 U.S. 14 (1980), which involved a failure to treat a prisoner's asthma in violation of the Eighth Amendment; and (3) *Davis v. Passman*, 442 U.S. 228 (1979), which involved gender discrimination in violation of due process rights under the Fifth Amendment. See *Farah v. Weyker*, 926 F.3d 492, 497-98 (8th Cir.

3

2019) (citing *Bivens*, *Carlson*, and *Passman* as the only occasions the Supreme Court has implied a cause of action under *Bivens*).

In contrast to these three cases, "for almost 40 years, [the Supreme Court has] . . . rebuffed requests to add to the claims allowed under *Bivens*." *Hernandez v. Mesa*, 140 S. Ct. 735, 743 (2020). Extending *Bivens* to new contexts is a "'disfavored' judicial activity." *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1857 (2017) (omitting citation).

The Court must apply a two-step analysis to determine whether Mr. Wright may pursue a *Bivens* claim for the alleged constitutional violations. *Farah*, 926 F.3d at 498 . First, the Court must determine whether his claims are "the type for which a *Bivens* remedy is [presently] available." *Id*. at 497. Mr. Wright's claims do not present one of the three claims recognized under *Bivens*. And, the United States Supreme Court has specifically declined to imply a right of action under *Bivens* for a First Amendment retaliation claim. *Egbert v. Boule*, 142 S. Ct. 1793, 1798 (June 8, 2022) (declining to imply a right of action under *Bivens* for a prisoner's First Amendment retaliation claim).

Because Mr. Wright seeks to expand *Bivens* to provide prisoners with a remedy for additional constitutional violations under both the Eighth and Fourteenth Amendments, the Court must proceed to step two.

This part of the analysis assesses whether "special factors counsel[] hesitation" in extending *Bivens* to the proposed claim. *Farah*, 926 F.3d at 498

(omitting internal quotations). More recently, the Supreme Court explained that, in practice, the two-step "inquiry often resolves to a single question: whether there is any reason to think that Congress might be better equipped to create a damage remedy." *Egbert*, 142 S. Ct. at 1798.

"[A] court may not fashion a *Bivens* remedy if Congress already has provided, or has authorized the Executive to provide, an alternative remedial structure. If there are alternative remedial structures in place, that alone, like any special factor, is reason enough to limit the power of the Judiciary to infer a new *Bivens* cause of action." *Egbert*, 142 S. Ct. at 1804 (internal citations and quotations omitted).

Here, Mr. Wright has an alternative remedy. He may use the BOP's grievance process, a four-tiered administrative procedure. See 28 C.F.R. § 542.10, *et seq*. As a result, allowing Mr. Wright's claims to proceed under *Bivens* would engage the courts in disputes that could be and should be raised administratively, which is disfavored. See *Abbasi*, 137 S. Ct. at 1865; *Farah*, 926 F.3d at 501-02. Therefore, *Bivens* should not be extended under the circumstances presented in this case.

## IV.   **Conclusion**

IT IS THEREFORE RECOMMENDED THAT:

1.     Mr. Wright's complaint be DISMISSED, without prejudice, for failure to state a plausible constitutional claim for relief.

2.      In the future, this dismissal be considered a "strike" for purposes of 28 U.S.C. § 1915(g). And an *in forma pauperis* appeal of this dismissal would be frivolous and not taken in good faith.

3.      The Clerk be instructed to close this case.

Dated 27 April 2026.

_____
UNITED STATES MAGISTRATE JUDGE